IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ASHANTI COST, #290-347, | * | |
| Plaintiff, | | |
| | * | |
| v. | | CIVIL ACTION NO.  WDQ-06-361 |
| | * | |
| OFFICER STUZTHS, et al., | | |
| Defendants | * | |

******

## MEMORANDUM

On February 8, 2006, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983,

seeking money damages.  Counsel for Defendants has filed a dispositive motion (*see* Paper No. 9),

which shall be treated as a Motion for Summary Judgment.  Plaintiff has not responded.[1]   No

hearing is needed to resolve the pending motion, which will be granted in part and denied in part.

*See* Local Rule 105.6 (D. Md. 2004).

## 1. Factual Background

Plaintiff states that on March 13, 2004, Officer Sturtz  made sexually inappropriate

comments toward him, destroyed Plaintiff's personal property, and used excessive force when

participating in extracting Plaintiff from his cell.  Paper No. 1.

## 2. Standard of Review

**A.     Motion to Dismiss**

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled

allegations of the complaint as true and construes the facts and reasonable inferences derived

---

[1]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on May 1, 2006, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 10. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.*  Plaintiff was subsequently granted until June 21, 2006, to file any opposition. Paper No. 13.

therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices.  *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.    Summary Judgment**

"[S]ummary judgment should be granted in those cases in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law."  *Haavistola v. Community Fire Co. of Rising Sun*, 6 F.3d 211, 214 (4th Cir. 1993) (citations omitted).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . .  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).  If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is appropriate.  *Celotex Corp. v. Catrett*, 477 U. S. 317, 322 (1986).  "In ruling on a motion for summary judgment, a court must believe the evidence of the non-movant, and all justifiable inferences must be drawn in the non-movant's favor."  *See Estate of Kimmell v. Seven Up Bottling Co.*, 993 F.2d 410, 412 (4th Cir. 1993) (citation omitted).

**Analysis**

**A.    Verbal Threats**

Verbal abuse of inmates by guards, without more, states no claim of assault. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979). Plaintiff's claim that Defendant Sturtz made a sexually suggestive remark to him is insufficient to state a constitutional claim and is thus subject to dismissal.

**B.    Property**

In the case of lost, stolen, or destroyed property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[2] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3] Plaintiff's claim regarding the destruction of his personal property shall be dismissed.

**C.    Excessive Force**

Analysis of cruel and unusual punishment claims "necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin*, 77 F.3d 756, 760 (4th Cir. 1996). In order to meet the subjective component of this test in an excessive force case, a prisoner must show that the force was

---

[2]Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[3]Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of destruction of personal property, given *Juncker's* reliance on *Parratt* in dismissing the plaintiff's due process claim.

applied "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U S. 1, 6-7 (1992)

In making this determination, a court must look at the need for the application of force, the

relationship between the need and the amount of force applied, the extent of injury inflicted, the

extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and

any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321

(1986).

Insofar as the objective element of an excessive force case is concerned, the prisoner "need

not show that [the] force caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury

to establish a cause of action. All that is necessary is proof of more than de minimis pain or injury."

*Williams*, 77 F.3d at 761(citation omitted); *see also Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir.

1994). Medical records reflect that Plaintiff was alert and oriented following the incident and a one

inch abrasion on his forehead was treated with Bacitracin. His eyes were red as a result of the

pepper spray used during the cell extraction and they were irrigated. Plaintiff advised medical

personnel that "I don't hurt anywhere." Paper No. 9, Declaration, Medical Record Attachment.

Thus, even accepting Plaintiff's version of the events as true, as the Court must, the injuries he

claims to have suffered are de minimis. *See Riley v. Dorton*, 115 F.3d 1159, 1167 ( 4th Cir. 1997)

(pain from being tightly handcuffed for six hours, welt on face from slap, and fears for safety were

de minimis injuries); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (sore, bruised ear was

de minimis injury)*; Norman v Taylor*, 25 F.3d at 1263-64 (sore thumb caused by blow from key ring

considered de minimis injury).

Even assuming, arguendo, that Plaintiff was able to satisfy the objective component of an

excessive force claim, he has failed to bring forth any evidence to satisfy the subjective component.

There is no material dispute that on the date in question Plaintiff was given a direct order to place

his arms in the feed-up slot, in order to relinquish the handcuffs he had confiscated. He refused. He

was then given several more orders to place his hands in the feed-up slot so that he could be handcuffed and removed from his cell. He refused.  Paper No. 1, Attachments.  Plaintiff admitted this version of events in his Administrative Remedy Procedure wherein he complained about the series of events at issue here.  Moreover, he pled guilty to the inmate rule infraction he incurred as a result of this incident.  *Id.*  There is simply no dispute between the parties that Plaintiff repeatedly refused to comply with orders to be handcuffed and come out of his cell. When an order is given to an inmate there are only so many choices available to the correctional officer.  If the order requires some action by correctional officers, and the inmate cannot be persuaded to obey the order, some means must be employed to compel compliance, including, at times,  physical force.  The use of force occurred only after Plaintiff had refused numerous orders to be handcuffed.  There is no showing that Defendant acted maliciously and sadistically to cause Plaintiff harm.

### 3. <u>Conclusion</u>

For the reasons stated above, Defendants' Motion to Dismiss and in the Alternative for Summary Judgment will be granted.  A separate Order follows.

<u>August 15, 2006</u>
Date

<u>           /s/             </u>
William D. Quarles, Jr.
United States District Judge